**William FULTZ, Plaintiff–Appellee,**

v.

**Richard WHITTAKER, Individually and in his capacity as an Oldham County Police Officer, Defendant–Appellant.**

No. 03–5514.

United States Court of Appeals, Sixth Circuit.

Feb. 24, 2004.

David Russell Marshall, Nicholasville, KY, Phillip Prather, Louisville, KY, William P. Emrick, McKenzie, Woolery, Emrick & Webb, Ashland, KY, for Plaintiff–Appellee.

David Whalin, David P. Bowles, Landrum & Shouse, Louisville, KY, for Defendant–Appellant.

Before DAUGHTREY, COLE, Circuit Judges; and POLSTER, District Judge.*

### ORDER

COLE, Circuit Judge.

While being arrested by Oldham County police officers Richard Whittaker and Kevin Nuss, William Fultz suffered a broken neck. On June 12, 1998, Fultz filed suit

---

* The Honorable Dan Aaron Polster, United States District Judge, Northern District of Ohio, sitting by designation.

pursuant to 42 U.S.C. § 1983, alleging that Whittaker, Nuss, and Oldham County violated the Fourth and Eighth amendments and Kentucky state law. After discovery, the district court granted summary judgment for the defendants on all but two claims: that while arresting Fultz, Whittaker violated the Fourth Amendment prohibition against excessive force and the Kentucky prohibition against assault and battery. The district court also rejected Whittaker's motion for qualified immunity from the excessive force claim, and Whittaker now appeals this denial.

Fultz contends that we lack appellate jurisdiction. Whittaker's appeal is interlocutory; he awaits trial on the two remaining claims before the district court. Normally 28 U.S.C. § 1291 bars our review of interlocutory appeals, but it provides an exception for assertions of qualified immunity. *Mitchell v. Forsyth,* 472 U.S. 511, 528, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). But this exception has limits—we may consider an interlocutory appeal only if it raises purely legal questions. *Johnson v. Jones,* 515 U.S. 304, 313, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995). We must dismiss the appeal if the defendant "attempts to persuades us to believe [his] version of the facts," *Berryman v. Rieger,* 150 F.3d 561, 565 (6th Cir.1998), even if the district court's factual determinations were patently unreasonable and depended solely on inadmissible evidence. *See Ellis v. Washington County,* 198 F.3d 225, 229 (6th Cir.1999) (dismissing interlocutory qualified immunity appeal, although sole evidence creating relevant factual dispute was inadmissible hearsay).

Although Whittaker pays lip-service to these boundaries, his legal arguments flout them. At issue are Whittaker's actions both before and after Fultz allegedly kicked Nuss in the groin. The legal argument in Whittaker's brief assumes that "no more than minimal force was used by Officer Whittaker ... before [Fultz] apparently kicked Nuss in the groin." (Appellant's Brief at 49) But the district court assumed that prior to Fultz's kick, Whittaker might have restricted Fultz's air supply—which obviously would have required more than minimal force. In justifying his actions following Fultz's alleged kick, Whittaker asserts "that grabbing the [suspect] in some fashion and pulling them back away from your partner would be a proper police procedure." (Appellant's Brief at 42) But the district court's decision assumed that Whittaker intentionally wrenched Fultz's neck independent of any attempt to separate Fultz from Nuss.

Whittaker declined to make alternative legal arguments—based on the district court's version of the facts—and has therefore waived any arguments that are within our appellate jurisdiction. *See Booker v. GTE.net LLC,* 350 F.3d 515, 517 (6th Cir. 2003) (arguments omitted from brief are waived). His interlocutory appeal is therefore **DISMISSED.**